UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIRK and RISE GLAZE, individually and as guardians ad litem to JERRUD GLAZE,

Plaintiffs,

v.

FOODMAKER INC. d/b/a Jack-In-The-Box Restaurants, et al.,

Defendants.

C93-1825 TSZ

ORDER

THIS MATTER comes before the Court on a motion brought by Jerrud Collins, formerly known as Jerrud Glaze, docket no. 155. In January 1995, the Court approved a settlement in this matter, which at the time involved a minor, namely Jerrud Dale Glaze. *See* Order (docket no. 142). In July 1996, the Court approved amendments to the trust agreement relating to the settlement. *See* Order (docket no. 153). The Amended Trust Agreement designated American Guaranty and Trust Company ("American Guaranty") as Trustee and Ken Horwitz of PaineWebber, Inc. as Registered Representative for the Trust. *See* Am. Trust Agr. at 1, Ex. A to Burnett Decl. (docket no. 156). PaineWebber was subsequently acquired by UBS AG, a Swiss bank, and is now known as UBS Wealth Management USA ("UBS"). Horwitz is currently a Senior Vice President in USB's Seattle office. *See* Horwitz at ¶ 2 (docket no. 163).

ORDER - 1

1  Under the terms of the Amended Trust Agreement, Glaze was entitled to terminate
2  the Trust after reaching the age of eighteen, provided that he was judicially declared
3  competent.  *See* Am. Trust Agr. at 11 (docket no. 156).  If not exercised at the age of
4  eighteen, the right to terminate the Trust would be available every five years, provided
5  that the competency requirement was met.  *Id.* at 11-12.  In July 2009, the King County
6  Superior Court found Glaze fully competent, without legal disability, and authorized to
7  terminate the Trust; Glaze was eighteen at the time.  *See* Ex. C to Burnett Decl. (docket
8  no. 156); *see also* Am. Trust Agr. at 2 (docket no. 156) (setting forth Glaze's date of
9  birth).  In June 2011, Glaze changed his name to Jerrud Dale Collins.  Ex. B to Burnett
10  Decl. (docket no. 156).  In April 2014, at the age of 23, Collins terminated the Trust.  *See*
11  Ex. D to Burnett Decl. (docket no. 156).

12  Pursuant to an Annuity Contract issued by Safeco Life Insurance Company, the
13  Trust was supposed to receive the following payments:

> $50,000 per year for five years beginning in March 2010
> $300,000 in March 2019
> $450,000 in March 2021
> $675,000 in March 2023

Ex. B to Burnett Supp. Decl. (docket no. 162 at 16).  Safeco has since become Symetra Life Insurance Company ("Symetra").  The "owner" of the Annuity Contract is listed as SABSCO, which apparently refers to Symetra Assigned Benefits Service Company, and the "payee" is described as "American Guaranty & Trust Co. TTEE Jerrud Glaze Trust JN 48927" with the Seattle address of "Paine Webber Inc.; Attn: Ken Horwitz."  *Id.*  In October 2006, American Guaranty was purchased by RBC Trust Company (DE) Ltd.

ORDER - 2

1  ("RBC Trust").  *See* Ex. E to Burnett Decl. (docket no. 156).  In 2019, RBC Trust sent

2  correspondence to Symetra indicating that the Trust had been terminated and that future

3  payments should be made to Collins.  *See id* (docket no. 156 at 36-37).  Symetra replied

4  that, because Glaze/Collins is not the payee on the Annuity Contract, annuity payments

5  cannot be wired to him, and that a certified court order would be required before Symetra

6  would distribute funds directly to Glaze/Collins.  *See* Ex. F to Burnett Decl. (docket

7  no. 156).  Collins now seeks the requisite order.

8        The Court interprets Collins' motion as having been brought under Washington's

9  Structured Settlement Protection Act ("WSSPA").  Under the WSSPA, RBC Trust f/k/a

10 American Guaranty, as payee under the Annuity Contract, may propose to transfer its

11 payment rights, and the transferee (in this case, Glaze/Collins) may seek approval of the

12 transfer.  *See* RCW 19.205.010(8); RCW 19.205.050.  Although the WSSPA envisions

13 that a transferee is ordinarily a third party who agrees to immediately provide a lump sum

14 to the payee in exchange for the right to receive, in the future, the higher amount of one

15 or more annuity payments, *see In re Rapid Settlement, Ltd.'s Application (RSL-3B-IL,*

16 *Ltd. v. Symetra Life Ins. Co.)*, 166 Wn. App. 683, 687, 271 P.3d 925 (2012), the situation

17 at issue in this case nevertheless falls within the scope of the WSSPA, and the transfer

18 requires the Court's approval, *see* RCW 19.205.030.

19       Having reviewed all of the materials submitted by Glaze/Collins in support of his

20 WSSPA motion, the Court FINDS and ORDERS as follows:

21       (1)  The movant Jerrud Collins is the same individual identified as Jerrud Glaze

22 in the Amended Trust Agreement and as the "annuitant" in the Annuity Contract, and the

23

ORDER - 3

1  Court is satisfied that the current motion is not brought for purposes of fraud or other

2  improper motive.  *See* Collins Decl. (docket no. 159); Gurnard Decl. (docket no. 160);

3  Horwitz Decl. (docket no. 163).

4        (2)    Collins has exercised his right to terminate the Trust at issue, and he is

5  entitled to the funds that were to be paid into the Trust pursuant to the Annuity Contract

6  dated January 26, 1995, that was issued by Safeco Life Insurance Company, now known

7  as Symetra.

8        (3)    The proposed transfer is in the best interests of both the annuitant and the

9  payee, taking into account all of the circumstances.  *See* RCW 19.205.030(1).

10        (4)    RBC Trust f/k/a American Guaranty, as payee under the Annuity Contract,

11  is aware of the proposed transfer, has itself advocated in writing for the proposed transfer,

12  and has either received or waived independent professional advice.  RCW 19.205.030(2).

13        (5)    The transfer "does not contravene any applicable statute or the order of any

14  court or other government authority."  RCW 19.205.030(3).

15        (6)    The annuity payments due under the Annuity Contract bearing the contract

16  number AA684368, attached as Exhibit B to the Declaration of Jason W. Burnett, docket

17  no. 162 at 11-17, are TRANSFERRED from payee "American Guaranty & Trust Co.

18  TTEE Jerrud Glaze Trust JN 48927" to annuitant Jerrud Dale Collins f/k/a Jerrud Glaze,

19  and shall be paid to Collins in the manner directed by him and/or his attorney.

20        (7)    Symetra and/or SABSCO shall forthwith take all steps necessary to

21  effectuate this Order.

22

23

ORDER - 4

(8) The Clerk is directed to send a CERTIFIED COPY of this Order to counsel of record for Jerrud Dale Collins f/k/a Jerrud Glaze.

IT IS SO ORDERED.

Dated this 17th day of August, 2020.

*Thomas S. Zilly*

Thomas S. Zilly
United States District Judge

ORDER - 5